UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| Joseph W. Mittan, | Civil Action No. _____ |
|---|---|
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** |
| Mary McGhee, and Mayo Clinic, | |
| Defendants. | |

Under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 and 29 U.S.C. § 1132(e)(1), Mayo Clinic files this Notice of Removal of *Joseph W. Mittan v. Mayo Clinic*, Case No. 2025CV000595 in Lacrosse County Circuit Court, Wisconsin to the United States District Court for the Western District of Wisconsin. As required by 28 U.S.C. § 1446(a), Mayo attaches the following:

| **Exhibit A** | An original copy of the Complaint. |
|---|---|
| **Exhibit B** | A true and correct copy of the state court docket. |
| **Exhibit C** | A true and correct copy of the Summary Plan Description for the employee benefit at issue. |
| **Exhibit D** | A completed Civil Cover Sheet. |

### I.      INTRODUCTION

This is a declaratory judgment case about the proper beneficiary of a death benefit covered by the Employee Retirement Income Security Act of 1974 (ERISA). On November 11, 2025, Plaintiff, Joseph Mittan, filed this complaint against Defendant, Mayo Clinic. Mittan alleges he is the proper beneficiary of an employee benefit Mayo Clinic provided to Regina Davis – a now deceased former employee of Mayo. ERISA governs this

employee benefit, so his claim must proceed under ERISA's civil enforcement provision: 29 U.S.C. § 1132(a). So, complete preemption under ERISA "converts" Mittan's "ordinary state common law complaint into one stating a federal claim" and Mayo can remove to federal court. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004).

## II.   ALLEGATIONS IN THE STATE COURT ACTION

The complaint alleges Regina Davis received "a Retirement/Life Insurance Plan through her employer Mayo Clinic." **Exhibit A** (Compl.) ¶ 6. Davis died on February 10, 2025. *Id.* Prior to her death and "with the assistance of Mayo Clinic employees," Davis "made changes to her beneficiary designation from Mary McGhee, her mother, to Joseph Mittan. *Id.* ¶ 6. However, "the change was ineffective and not complete" allegedly "due to the negligence of Mayo Clinic employees." *Id.* ¶ 7. So, among other things, Mittan requests the Court "declare that the proper beneficiary designation is Joseph Mittan." *Id.* ¶ 10. Mary McGhee "requests the same declaration." *Id.*

## III.   VENUE

This Court is the proper venue for removal under 28 U.S.C. § 1441(a) because this Court sits in the federal judicial district embracing La Crosse County, Wisconsin. See 28 U.S.C. § 130(b).[1]

---

[1] While the correct venue for removal, the Western District of Wisconsin is not the correct venue for this case. Specifically, the ERISA Plan contains a mandatory forum selection clause, specifying the District of Minnesota as the venue for any dispute under the Plan. *See* **Exhibit C** at 28. Mayo intends to move to transfer.

## IV. BASIS FOR REMOVAL

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because ERISA completely preempts Mittan's declaratory judgment claim.

ERISA is a federal statute that comprehensively regulates employee benefit plans. ERISA's purpose is "to provide a uniform regulatory regime over employee benefits." *Id.* at 802. Congress recognized this "federal scheme would be completely undermined if ERISA-plan participants . . . were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

To accomplish this goal, Congress created 29 U.S.C. § 1132(a), a civil remedy that allows a "plan participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* § 1132(a)(1)(B). This civil remedy is "exclusive" and preempts "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Davila*, 542 U.S. at 209.

To maintain the exclusivity of its civil remedy, ERISA possesses "extraordinary pre-emptive power." *Davila*, 542 U.S. at 207-208. Specifically, "[e]ven claims that purport to be based on state law and do not mention ERISA may be removed to federal court based on this preemption because ERISA 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Di Joseph v. Std. Ins. Co.*, 776 F. App'x 343, 347 (7th Cir. 2019). So, "whenever a plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce" the Court treats that cause of action as an ERISA claim and supports removal to federal court. A

state-law claim is completely preempted (1) "if an individual, at some point in time, could have brought his claim under" ERISA's expansive civil enforcement mechanism . . . and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017) (quoting *Davila*, 542 U.S. at 210).

Mittan could have brought this claim under ERISA. Complete preemption applies where the claim "falls within the scope of an ERISA provision [Mittan] can enforce." *Rice v. Panchal*, 65 F.3d 637, 641 (7th Cir. 1995). Here, Davis participated in the benefit "Plan through her employer Mayo Clinic" – Compl. ¶ 6 – a "(1) a plan . . . (2) established [and] maintained, (3) by an employer . . . , (4) for the purpose of providing . . . death . . . benefits . . . (5) to participants or their beneficiaries." P*ostma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000). Mitten alleges he is a "beneficiary" – Compl. ¶ 6 – of the plan, a "person designated by a participant . . . who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Mitton seeks a declaration that he is entitled to benefits under the Plan – the exact remedy provided by ERISA's  Thus, Mittan's declaratory judgment claim is a suit by a "plan . . . beneficiary" to "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," falls within the scope of ERISA's civil remedy. 29 U.S.C. § 1132(a)(1)(B).

Mittan's claim arises solely from the ERISA benefit plan and does not implicate an "independent legal duty." A legal duty is not independent of an ERISA when "an interpretation of the ERISA plan 'form[s] an essential part'" of the claim. *Studer*, 867 F.3d

4

at 724 (quoting *Davila*, 542 U.S. at 210). Here, the only question is whether Mittan is entitled to the benefit under the Plan. To answer that question, the Court must consider whether the change in beneficiary complied with the terms of the Plan. So, Mittan's claim does not implicate a duty "independent" from ERISA.

Other courts have concluded ERISA completely preempts similar claims. *See e.g. Dunson-Taylor v. Metro Life Ins. Co.*, 164 F. Supp. 2d 988, 993 (S.D. Ohio 2001); *Quantanilla v. Metro. Life Ins. Co.*, NO. 4:23-CV-04349, 2024 U.S. Dist. LEXIS 235316 at *6 (S.D. Tex. Dec. 16, 2024); *Gimenco v. NCHMD, Inc.*, No. 20-cv-24870, 2021 U.S. Dist. LEXIS 29168 at *11-18 (S.D. Fla. Feb. 17, 2021).

Mittan's declaratory judgment claim seeks benefits allegedly due under an ERISA Plan, so the Court has subject matter jurisdiction under ERISA's complete preemption doctrine.

## V. ALL OTHER REMOVAL REQUIREMENTS ARE SATIFSFIED

### A. The Notice of Removal is Timely.

This Notice of Removal is timely because Mayo filed within thirty days of notice of the State Court Action on Mayo. 28 U.S.C. § 1446(b)(1).

### B. All Necessary Defendants Have Consented.

All properly served Defendants jointly file this Notice of Removal and consent to removal. Mary McGhee need not consent to removal for two reasons:

*First*, as of the date of removal, on information and belief Mittan has not formally served McGhee and McGhee has not waived service of process. *See* **Exhibit B** (state court docket); *P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546,

547-48 (7th Cir. 1968) ("Under a recognized exception to the general rule [defendant] need not have joined in petitioning for removal if it had not been served with the state court summons."); *Paragon Tank Truck Equip., LLC v. Parish Truck Sales, Inc.*, No. 14-cv-069-wmc, 2014 U.S. Dist. LEXIS 82141 at *3 (W.D. Wisc. June 17, 2014) (same).

*Second*, McGhee's interests are aligned with Mittan, so she is properly aligned as a Plaintiff. "[T]he characterization of a party as defendant or plaintiff in the state action is not determinative. The court is first obliged to examine the substantive interests of the parties and align them in a manner which is consistent with their actual interests." *Sersted v. Midland-Ross Corp.*, 471 F.Supp. 298, 299 (E.D. Wisc. 1979) (quoting *First Nat'l Bank of Chicago v. Mottola*, 302 F.Supp. 785, 789 (N.D. Ill. 1969) *aff'd sub nom First Nat'l Bank of Chicago v. Ettlinger*, 465 F.2d 343 (7th Cir. 1972)); *Estate of Pilsnik v. Hudler*, 118 F. Supp. 2d 905, 909 (E.D. Wisc. 2000) (same, recently); *Gurney's Inn Resort v. Benjamin*, 743 F.Supp.2d 117, 120 (E.D.N.Y. 2010) (realigning parties where a named defendant was "more properly aligned with the interests of the plaintiffs than with those of the defense"). Here, Mittan wants a declaration that the change of beneficiary was effective, and he is the correct beneficiary. McGhee "requests the same declaration." Compl. ¶ 10. McGhee and Mittan want the same outcome in this case, so McGhee's "actual interests" align with Mittan – not Mayo – and her consent to remove is unnecessary. *Sersted.*, 471 F.Supp. at 299.

C.   Written Notice of Removal.

As required by 28 U.S.C. § 1446(d), Defendant will file written notice of the filing of this Notice of Removal to all adverse parties of record in this matter and will file a copy of this Notice with the clerk of the state court.

## VI.   JURY DEMAND

No party has demanded a jury trial, and no jury trial is available. *See generally* Compl. (not demanding a jury trial); *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 484 (7th Cir. 2007) (noting that, in ERISA cases, "the plaintiff has no right to a jury trial").

## VII.   RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any Defendants' rights to assert any defense or affirmative matter under Wisconsin law, the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## VIII.   CONCLUSION

Defendant Mayo Clinic removes this Action to the United States District Court for the Western District of Wisconsin for further proceedings according to law.

Dated:  December 5, 2025                    DORSEY & WHITNEY LLP

                            By  */s/ Andrew Holly*
                                John F. Huerter *(Admitted in W.D. Wisc.)*
                                huerter.jack@dorsey.com
                                Andrew Holly *(Admitted in W.D. Wisc.)*

holly.andrew@dorsey.com

50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant Mayo Clinic*